**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-1536**

VINCENT P. MONA,

Plaintiff - Appellee,

v.

DAVID F. MCKAY,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge.  (8:21-cv-01017-PJM)

Argued:  March 19, 2025                        Decided:  April 17, 2025

Before QUATTLEBAUM and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ARGUED:**  John Peter Glaws, IV, CARR MALONEY P.C., Washington, D.C., for Appellant.  Michael Benjamin Brown, MILES & STOCKBRIDGE P.C., Baltimore, Maryland, for Appellee.  **ON BRIEF:**  Paul J. Maloney, CARR MALONEY P.C., Washington, D.C., for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellee Vincent P. Mona ("Mona"), former sole shareholder of Mona Electric Group, Inc. ("MEG"), brought this state court action under Maryland law against David F. McKay ("McKay"), a former President, Chief Executive Officer, and member of the MEG Board of Directors, for breach of fiduciary duties, breach of contract, unjust enrichment, and intentional misrepresentation.

Mona's claims arise out of the sale of MEG to ArchKey Intermediate Holdings, Inc. ("ArchKey") and McKay's acts and omissions during and after the sale was negotiated. The Stock Purchase Agreement ("SPA") between Mona, MEG, and ArchKey was executed on February 1, 2020, for a $21 million initial purchase price. However, the final purchase price was to be determined after an "Adjustment Period" ending on November 30, 2020, based upon an "Adjusted Closing Balance Sheet" reflecting MEG's value at that time. At the end of the Adjustment Period, ArchKey delivered its Adjusted Closing Balance Sheet to Mona, claiming that the final purchase price should be $8,375,226.59—an amount substantially below the initial purchase price set forth in the SPA.

When Mona contested the proposed final price, ArchKey brought an action against Mona in the Court of Chancery of Delaware to resolve the post-closing price adjustment.[*] In the meantime, Mona filed this action against McKay in Maryland state court. Among other things, Mona alleged that McKay, while acting as Mona's fiduciary, engaged in self-

---

[*] According to the parties, this litigation to determine the final purchase price is still pending. *See ArchKey Intermediate Holdings, Inc. v. Mona*, 302 A.3d 975 (Del. Ch. 2023).

2

dealing; channeled the sale to McKay's preferred purchaser, ArchKey, to enrich himself at Mona's expense and continue his employment with MEG post-sale; failed to seriously engage with other prospective purchasers; disclosed confidential and unfavorable insider information to ArchKey during the sale negotiations; concealed ArchKey's plan to eviscerate MEG's company culture and drive down the $21 million purchase price during the Adjustment Period; and then spearheaded ArchKey's post-sale efforts to accomplish this goal. McKay timely removed the case to the District of Maryland based on diversity jurisdiction. After four weeks of trial, the jury returned a verdict in Mona's favor on his breach of fiduciary duty claim and awarded $2,000,000 in damages. The jury found in McKay's favor on the remaining three claims.

McKay thereafter filed a renewed motion for judgment as a matter of law pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, asserting that Mona could not prevail on his breach of fiduciary duty claim as a matter of law. In the alternative, McKay filed a motion for a new trial under Rule 59(a)(1)(A), arguing, among other things, that the district court erred in instructing the jury on the fiduciary duty claim, abused its discretion in excluding testimony and other evidence from two of his witnesses, and abused its discretion in allowing opinion testimony and other evidence from one of Mona's witnesses. The district court denied McKay's post-verdict motions in a written order and entered judgment in accordance with the jury verdict. Finding no reversible error, we affirm.

"Rule 50(b) permits a party to bring a renewed motion for judgment as a matter of law after the jury has rendered its verdict. If that motion is denied, the moving party is entitled to assert those same arguments on appeal, Fed. R. Civ. P. 50(e), and our subsequent

3

review is de novo." *Sardis v. Overhead Door Corp.*, 10 F.4th 268, 279 (4th Cir. 2021).  We review "the evidence in the light most favorable to the nonmoving party, without weighing or making any credibility determinations," and "determine whether there was a *legally sufficient evidentiary basis* for a reasonable jury to render the verdict that it did."  *Id.* (cleaned up).

On appeal, McKay does not argue that the evidence of his acts and omissions failed to establish a breach of his fiduciary duties to Mona.  Rather, McKay argues that he is entitled to judgment as a matter of law because Mona released all such pre-sale claims in the SPA agreement, and that his post-sale acts and omissions cannot serve as the basis for a fiduciary claim because, although he remained a senior employee with MEG during the Adjustment Period, he was no longer an officer or director bound by fiduciary duties during this time frame.

The district court rejected McKay's release argument because, although the SPA did include a release of some claims, Mona's breach of fiduciary duty claims fell within an exception to the release.  With regard to McKay's post-SPA acts and omissions, the district court observed that McKay made promises and commitments to Mona prior to execution of the SPA that directly related to his conduct during the Adjustment Period.  In other words, McKay's failure to adhere to his fiduciary duties prior to the sale were intended to accomplish the goals that he worked to achieve—to Mona's detriment—during the Adjustment Period.  Having reviewed the record and the parties' arguments, we find no error in the district court's legal rulings and hold that there was a legally sufficient

4

evidentiary basis to support the jury's verdict. Accordingly, we affirm the district court's denial of McKay's Rule 50(b) motion for judgment as a matter of law.

We also affirm the district court's denial of McKay's motion for a new trial. *See* Fed. R. Civ. P. 59(a)(1)(A). We review the denial of a motion for a new trial for abuse of discretion. *Hicks v. Anne Arundel Cnty.*, 110 F.4th 653, 658 (4th Cir. 2024). "Absent a clear abuse of discretion, we shall not disturb this decision." *Id.* (cleaned up). "This is so because the district judge is in a position to see and hear the witnesses and is able to view the case from a perspective that an appellate court can never match." *Id.* (cleaned up). "In reviewing a grant or denial of a new trial, the crucial inquiry is whether an error occurred in the conduct of the trial that was so grievous as to have rendered the trial unfair." *Id.* (cleaned up). We find no such error here.

McKay first argues that the district court erroneously instructed the jury on the fiduciary duties he owed to Mona under Maryland law and erred in failing to instruct the jury about the release. "We review jury instructions holistically and through an abuse of discretion standard." *Id.* at 660. "We simply determine whether the instructions construed as a whole, and in light of the whole record, adequately informed the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." *Id.* (cleaned up). "Erroneous jury instructions are also subject to harmlessness review." *Wickersham v. Ford Motor Co.*, 997 F.3d 526, 535 (4th Cir. 2021). If the Court finds that a jury instruction is erroneous, we will only overturn the district court's judgment if "there is a reasonable probability that the erroneous instruction affected the jury's verdict." *Id.* (cleaned up).

5

McKay argues that the district court's fiduciary duty charge was erroneous under Maryland law because it should have only included the statutory fiduciary duties owed by a director to a corporation. *See* Md. Code, Corps. & Ass'ns § 2-405.1. But, as Mona points out and the district court observed, McKay was a director and officer of MEG during the sale negotiations. Accordingly, even if we were to hold that the district court should have also included an instruction on the statutory duties owed by directors to a corporation, there is no reasonable probability that the instruction affected the jury's verdict. We likewise find no error in the district court's failure to submit to the jury the legal question regarding the applicability of the release to McKay's claims.

McKay next contends that the district court erred in excluding the testimony and evidence from two attorneys who represented MEG and Mona prior to the execution of the SPA and from a third attorney who represented MEG and ArchKey during and after the Adjustment Period; and erred in allowing opinion testimony from a lay witness regarding the impact of the sale of MEG to ArchKey. "We review such evidentiary rulings for abuse of discretion. And any abuse of discretion is reviewed for harmless error." *Snoeyenbos v. Curtis*, 60 F.4th 723, 733 (4th Cir. 2023) (cleaned up). "An error is harmless when this Court can say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the errors." *Id.* (cleaned up). Having reviewed the record and the parties' arguments, we cannot say that the district court abused its discretion or that the rulings were prejudicial to McKay.

Accordingly, we affirm the district court's denial of McKay's renewed motion for judgment as a matter of law and his motion for a new trial. The jury's verdict and the judgment of the district court is therefore

*AFFIRMED.*